### REGENTS OF UNIVERSITY SYSTEM OF GEORGIA v. PAGE, Collector of Internal Revenue.

#### No. 770.

District Court, N. D. Georgia, Atlanta Division.

April 10, 1935.

M. J. Yoemans, Atty. Gen. of Georgia, and Harold Hirsch & Marion Smith and M. E. Kilpatrick, all of Atlanta, Ga., for plaintiff.

Lawrence S. Camp, U. S. Atty., of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

This is a suit by the Regents of the University System of Georgia for a declaratory judgment, and an injunction in support thereof, against defendant to establish their right as officers of the state of Georgia to certain funds distrained by defendant and by him claimed to be taxes due the United States and collected on amounts paid for admissions to athletic games.

This proceeding is upon motion to dismiss the bill as amended.

Complainants claim that said athletic games were a part of the educational system of the state of Georgia, and that the admissions thereto could not be taxed by the federal government because to do so would be to tax operations of the state essential to the execution of its governmental functions. Complainants further contend that, although there appeared on the face of each ticket sold a statement that a certain amount was for admission and another amount was for the federal tax, both of which amounts were collected, nevertheless, on the back of each ticket there was a notice to the effect that the seller claimed no tax was collectible and that, in the event this claim was upheld, the whole amount would be retained as the admission charge.

They further insist that the tax, even if legally imposed, was against the patrons and not against complainants, and that neither complainants nor other agents of the state could be required to collect the tax.

Defendant maintains that the United States is the real party defendant and has not consented to the determination of the question involved by declaratory judgment; that an injunction is prohibited by section 3224 of the Revised Statutes (26 USCA § 154); that the promotion of athletic games where admissions are charged is not an essential governmental function, and that the bill should be dismissed.

If the admissions were subject to the federal tax, the tax imposed was a valid tax against the purchaser and was actually collected by the seller, whether an immediate agent of the state or of an agency of the state created for a special purpose, and belongs to the federal government. The petition shows that the distraint is for the tax alone and not for any penalties. It is not necessary to decide whether or not the federal government could have required such agent to collect the tax, since the agent voluntarily did so, and there is no reason why the state, if it is willing to do so, should not aid the federal government in the collection of its taxes.

The allegations of the petition are not sufficient to satisfy the court that the conducting of athletic games, even if done by the state, on the scale and for the purpose and for the revenue indicated by the petition, is primarily an educational undertaking or an operation of the state essential to the execution of its governmental functions; but on the contrary the court is of opinion that same is not such a governmental function, and that the tax is valid.

Whereupon, it is ordered and decreed that defendant's motion to dismiss the petition be sustained, the injunction prayed for denied, and the bill dismissed, at plaintiff's costs.